IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MABLE P. ROJAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-00358-CV-W-ODS |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER AND OPINION REVERSING THE COMMISSIONER'S FINAL DECISION AND AWARDING BENEFITS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her applications for disability insurance benefits and supplemental security income. For the following reasons, the Commissioner's decision is reversed and the case is remanded with the instruction to award benefits to Plaintiff.

I. <u>STANDARD OF REVIEW</u>

The Court's review of the Commissioner's decision is limited to a determination of whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; it is relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff, who was born in 1971, filed a Title II application for disability and disability insurance benefits and Title XVI application for supplement security income on June 10, 2010. R. at 9, 111-30. She alleges she became disabled on June 4, 2010. Plaintiff's claims were denied, and she requested a hearing. R. at 69-73, 76. A hearing was held in February 2012, after which the ALJ issued a decision finding Plaintiff was not disabled. R. at 9-19.

Plaintiff appealed the ALJ's decision, and on December 18, 2013, the Court reversed the Commissioner's decision and remanded the matter for further proceedings. Case No. 4:13-CV-0044-ODS-SSA (Doc. #18). In its Order, the Court directed the ALJ to reconsider Dr. Ostrow's and Dr. Boulware's opinions, and fully and properly explain how he analyzed Plaintiff's credibility. *Id.*

In July 2014, another hearing was held. R. at 837-38. Thereafter, the ALJ issued his decision finding Plaintiff was not disabled. R. at 814-837. Plaintiff again appealed the ALJ's decision, and on January 13, 2016, the Court affirmed in part and reversed in part the Commissioner's decision denying benefits. Case No. 4:15-CV-00004-ODS-SSA (Doc. #21). In its Order, Order directed the ALJ to (1) include the specific moderate limitations related to concentration, persistence, or pace in Plaintiff's RFC, or provide a legally sufficient explanation for not including those limitations; (2) reevaluate his findings with regard to the weight afforded to each medical opinion and specify what medical evidence supports his RFC; (3) order a consultative examination related to Plaintiff's mental limitations and a consultative examination related to her physical limitations; (4) set forth specifically why Dr. Boulware's opinions were discounted; and (5) identify positions Plaintiff can perform, given the specific limitations determined by the ALJ. *Id.*

In August 2016, another hearing was held. R. at 1146. Thereafter, the ALJ issued his decision finding Plaintiff was not disabled. R. at 1446-1456. The ALJ determined Plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD), asthma, obstructive sleep apnea, hypercapnia, history of an aortic aneurysm, obesity, degenerative changes of the left ankle, a periodic limb movement disorder, an anxiety disorder, a depressive disorder, post-traumatic stress

disorder (PTSD), a bereavement disorder, chest pain, syncope of unknown origin, and a history of polysubstance abuse (20 CFR 404.152(c) and 416.920(c)). R. at 1290.

The ALJ concluded Plaintiff had the following residual functional capacity ("RFC"):

> [L]ift and carry ten pounds frequently and twenty pounds occasionally; she is limited to standing/walking two hours total in an eight-hour workday and sitting eight hours total in an eight-hour work day with normal breaks; she cannot climb ladders, scaffolding, or ropes; she cannot work at unprotected heights or around dangerous machinery; she cannot work in high concentrations of dust, fumes, gases, or similar pulmonary irritants; she cannot work in hot or cold temperature extremes or in extreme high humidity; she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; she can perform simple, repetitive tasks with each task requiring only momentary focused attention and concentration to complete; she can occasionally interact with co-workers and supervisors; she cannot interact with the public in the performance of job duties.

R. at 1293. Based upon Plaintiff's RFC and the testimony of the Vocational Expert ("VE"), the ALJ found Plaintiff could perform work as a document preparer, a semi-conductor bonder, and an ampoule sealer. R. at 1305.

## III.   DISCUSSION

The Court has the authority to affirm, modify, or reverse the decision of the ALJ, "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g). Ordinarily, when an ALJ's decision denying benefits is reversed, the "abundant deference" owed to the ALJ counsels in favor of remanding the case for further administrative proceedings. *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (quoting *Cox v. Apfel*, 160 F.3d 1203, 1210 (8th Cir. 1998)). Accordingly, the Court "may enter an immediate finding of disability only if the record 'overwhelmingly supports' such a finding." *Id.* (quoting *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir. 1992)). Although remand is the norm, it is not appropriate where "further proceedings would serve no useful purpose," *Olson v. Shalala*, 48 F.3d 321, 323 (8th Cir. 1995), and "would merely delay receipt of benefits," *Cline v. Sullivan*, 939 F.2d 560, 569 (8th Cir. 1991).

Having conducted a full review of the record, the Court finds there is not substantial evidence in the record as a whole to support the ALJ's decision. Plaintiff's RFC is unsupported as to her mental impairments. The ALJ gave little weight to the

3

opinions of Dr. Boulware, Dr. Allen, and Dr. Thomas on Plaintiff's mental impairments. And he did not identify the weight he gave to Dr. Isenberg's opinions on Plaintiff's mental impairments. The ALJ did not discuss any other medical opinions related to Plaintiff's mental impairments.

The ALJ bears the "primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010) (quoting *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000)). Some medical evidence must support the ALJ's RFC determination. *Id.* (citing *Lauer v. Apfel*, 245 F.3d 700,704 (8th Cir. 2001)); *see also Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004) (citations omitted) (stating "some medical evidence must support the determination of the claimant's RFC and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace."); *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001) (citations omitted) (finding "the ALJ was required to consider at least some supporting evidence from a professional.").

Because the ALJ gave "little weight" to all medical opinions regarding Plaintiff's mental impairments, it is unclear as to what, if any, medical evidence supports the ALJ's RFC determination as to Plaintiff's mental impairments. The ALJ erred by failing to provide the weight afforded to each medical opinion and specify what medical evidence supports his RFC. Therefore, the Court finds the ALJ's finding that plaintiff was not disabled is not supported by substantial evidence on the record as a whole. Accordingly, remand is not appropriate, and the decision of the Commissioner is reversed.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is reversed, and the case is remanded with the instruction to award benefits to Plaintiff.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 26, 2019               UNITED STATES DISTRICT COURT